# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

WILLIE HARRIS,

        Defendant.

**REPORT AND RECOMMENDATION**
14-CR-6149

## Preliminary Statement

On September 17, 2014, defendant Willie Harris (hereinafter Harris or defendant) was indicted on five counts of possession of cocaine with intent to distribute; use of premises to manufacture, distribute, and use controlled substances; being a felon in possession of firearms and ammunition; possession of a short-barreled shotgun; and possession of an unregistered short-barreled shotgun. See Indictment (Docket # 11). The Court issued its Report and Recommendation as to the defendant's omnibus motions on July 2, 2015. See Amended Report and Recommendations (Docket # 32). In the Report and Recommendation, the Court ordered additional briefing on the defendant's motion to dismiss Count Four of the indictment as a lesser included offense of Count Five. Id. The parties filed supplemental briefs on the issue on August 7, 2015. See Docket ## 35, 36. Supplemental oral argument was heard by the Court on August 14, 2015.

## Discussion

Both the Government and counsel for Harris agree that the so-called "Blockburger test" is the test for determining whether Counts Four and Five are multiplicitous. See Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offense or only one, is whether each provision requires proof of a fact which the other does not."). The Government argues that charging the defendant under both Count Four (simple possession of a short-barreled shotgun) and Count Five (possession of an unregistered short-barreled shotgun) passes the Blockburger test because, with the exception of the act of possessing the gun, the two counts require proof of different facts. At the same time, "the government agrees [with the Court] that it is hard to envision a scenario where a person registers a firearm falling within the confines of the National Firearm Act that does not comply with terms specified in 26 U.S.C. § 5822." See Government's Supplemental Memorandum of Law (Docket # 35) at 8 n.1. As discussed at oral argument, it seems apparent under the facts presented here that if Harris is found guilty of Count Five, he is necessarily also guilty of Count Four.

Pursuant to the Court's suggestion, both counsel expressed willingness to discuss with the trial judge whether both Count Four and Count Five need to be submitted to the jury, or whether the defendant and the Government can stipulate to submitting only Count Five to the jury with the understanding that a conviction on Count Five will automatically result in a conviction of Count Four. Such a stipulation would preserve the defendant's right to argue that Count Four is a lesser included offense of Count Five while allowing the Government to argue that they are distinct offenses under Blockburger.[1]

Furthermore, the Government agrees that if Harris is convicted of both Count Four and Count Five, he may have a valid argument that the Court could not impose separate punishments for both counts. See United States v. Zalapa, 509 F.3d 1060, 1062 (9th Cir. 2007) ("it was not Congress's intent to impose multiple punishments for possessing a single firearm even if that firearm violates different subsections of 26 U.S.C. § 5861"). The question of what punishment can be imposed is a sentencing issue that should be reserved for the trial court to decide if and when the defendant has been convicted

---

[1] Any concern the defendant has about waiving his right to challenge multiplicitous counts, see United States v. McTaw, 586 F. App'x 612 (2d Cir. 2014) (Summary Order), cert. denied, ___ U.S. ___, 135 S. Ct. 1529 (2015), has certainly been alleviated by his pursuit of relief here and, as discussed at oral argument, the issue of multiplicity can be raised again in a pretrial motion in limine before the trial judge.

of Counts Four and Five.

Given the foregoing, there exist several options that the trial judge may want to consider in deciding which counts should be submitted to the jury and what punishment may be imposed if the defendant is convicted on both Counts Four and Five. For these reasons, the Court recommends that the defendant's objection to multiplicity in the indictment and objection to multiplicitous sentences and convictions be denied without prejudice to renew as part of a motion *in limine* directed to the trial judge.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 9, 2015
       Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b)(2) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

/s/ JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 9, 2015
Rochester, New York

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. United States v. Andress, 943 F.2d 622 (6th Cir. 1991), cert. denied, 502 U.S. 1103 (1992); United States v. Long, 900 F.2d 1270 (8th Cir. 1990).