UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE HARRIS,

               Petitioner,

     v.

UNITED STATES OF AMERICA,

               Respondent.
_____

**DECISION AND ORDER**

6:14-CR-6149 EAW
6:18-CV-6553 EAW

## I.    BACKGROUND

Petitioner Willie Harris ("Petitioner") was charged by indictment returned by a federal grand jury on or about September 16, 2014, with five separate counts as follows: (1) possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) use of premises to manufacture, distribute and use a controlled substance in violation of 21 U.S.C. § 856(a)(1); (3) felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); (4) possession of short-barreled shotgun in violation of 26 U.S.C. §§ 5822, 5845(a), 5861(c), and 5871; and (5) possession of an unregistered short-barreled shotgun in violation of 26 U.S.C. §§ 5841, 5845(a), 5861(d), and 5871.  (Dkt. 11).  A jury trial commenced on March 14, 2016, and concluded on March 18, 2016, with a guilty verdict on three of the five counts.  Specifically, Petitioner was convicted of the charges in Counts 1, 3, and 5, and acquitted of the charges in Counts 2 and 4.  (Dkt. 81).  Petitioner was sentenced on September 6, 2016, to 115 months incarceration on each of the counts of conviction, to run concurrent

for a total term of 115 months, to be followed by a total term of 6 years supervised release.  (Dkt. 107).  Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals (Dkt. 108), and by Summary Order dated July 11, 2018, the conviction and sentence were affirmed.  (Dkt. 122).

On September 12, 2018, Petitioner filed a *pro se* motion to vacate under 28 U.S.C. § 2255 (Dkt. 123).[1]  The government filed its response to the § 2255 motion on January 4, 2019.  (Dkt. 127).  Petitioner has since filed two motions to appoint counsel (Dkt. 128; Dkt. 131), as well as two letter requests inquiring as to the status of his § 2255 motion (Dkt. 129; Dkt. 130).

In support of his § 2255 motion, Petitioner makes various claims that he received ineffective assistance of counsel from Assistant Federal Public Defender Steven Slawinski, who was initially assigned to represent Petitioner, and then from Bryan Oathout, Esq., who was subsequently assigned under the Criminal Justice Act, 18 U.S.C. § 3006A, to represent Petitioner when there was a breakdown in attorney/client communications with Mr. Slawinski.  (Dkt. 51; Dkt. 52).

With respect to Mr. Slawinski, Petitioner raises the following claims: (1) he failed to file a motion to find out who testified against Petitioner before the grand jury; (2) he failed to seek an "identification hearing" related to a confidential witness; (3) he failed to call the confidential witness to testify at the *Franks* hearing; (4) he failed to object to the

---

[1]     Upon filing the § 2255 motion, a civil case was opened under case number 6:18-CV-06653, but all docketing remains filed in the criminal case.  The Court's docket references in this Decision and Order are to the filings in criminal case number 6:14-CR-6149 EAW.

government's questions during the suppression hearing; and (5) he failed to "motion the courts to produce evidence admissible to attack the credibility of co-conspirators."  (Dkt. 123).  With respect to Mr. Oathout, Petitioner raises the following claims: (1) he failed to challenge on appeal the credibility of the testimony of law enforcement witnesses who testified during the jury trial; (2) he failed to challenge on appeal the government's failure to call the confidential witness at the jury trial; (3) he failed to challenge on appeal anything about the trial evidence; and (4) he failed to subpoena the confidential witness to testify at trial.  (*Id*.).  Petitioner also includes a request that the Court consider reducing his sentence due to his post-sentencing rehabilitation efforts while in prison.  (*Id*.).

## II.    <u>MOTIONS FOR APPOINTMENT OF COUNSEL</u>

Before turning to the merits of Petitioner's § 2255 motion, the Court considers first his two requests for appointment of counsel.  Pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3006(A)(2), the Court may appoint counsel for a financially eligible § 2255 petitioner when "the interests of justice so require."  18 U.S.C. § 3006(A)(2).  Further, Rule 8 of the Rules Governing Section 2255 Cases in the United States District Courts require the appointment of counsel when an evidentiary hearing is warranted.

In this case, the Court does not find that an evidentiary hearing is necessary.  "[T]o be entitled to a hearing, a [§ 2255] movant must allege a 'plausible or viable' claim." *Curshen v. United States*, 596 F. App'x 14, 15 (2d Cir. 2015).  Further, no hearing is warranted where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  For reasons discussed in depth

below, Petitioner has no plausible or viable claims, and so he is not automatically entitled to appointment of counsel.

Further, the Court finds that the interests of justice would not be served by appointment of counsel. "The likelihood that a movant's or prospective movant's claims have merit is central to the determination whether the interests of justice warrant the appointment of counsel at public expense." *United States v. El-Hage*, No. S7 98-CR-1023 (LAK), 2016 WL 1178817, at *2 (S.D.N.Y. Mar. 21, 2016). Again, in this case Petitioner has not alleged any viable claims, and so the Court does not find appointment of counsel appropriate.

The Court notes that in his second motion for appointment of counsel, Petitioner states that he requires counsel to "determine if the 2019 U.S. Supreme Court decision addressing a 922(g) conviction is applicable in [his] case." (Dkt. 131 at 1). Presumably Petitioner is referring to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), wherein the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. Petitioner has not raised a claim under *Rehaif* in his § 2255 motion, nor has he moved to add such a claim, and it would not be appropriate for the Court to appoint counsel for the purposes of advising Petitioner on whether to assert such a claim. [2] *Cf.*

---

[2]     In any event, Petitioner has procedurally defaulted such a claim by failing to raise it at trial or on direct review. *See, e.g., United States v. Bryant*, No. 11 CR 765 (RJD), 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020); *Fleury v. United States*, No. 00CR076 (DLC), 2019 WL 6124486, at *3 (S.D.N.Y. Nov. 19, 2019).

*United States v. Hall*, No. 5:07-CR-006-JMH-2, 2019 WL 4061664, at *2 (E.D. Ky. Aug. 28, 2019) ("[T]he Court cannot appoint counsel at government expense to provide legal advice and represent [a defendant] prior to the filing of a § 2255 motion." (quotation omitted)).  For these reasons, the Court denies Petitioner's motions for appointment of counsel.

### III.   PETITIONER'S § 2255 MOTION

#### A.   Legal Standard

A prisoner in federal custody may challenge the validity of his sentence by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  *See* 28 U.S.C. § 2255(a).  "Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack."  *Adams v. United States*, 372 F.3d 132, 134 (2d Cir.2004) (citing 28 U.S.C. § 2255)).

In reviewing a *pro se* petition for habeas corpus, the Court must be mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983) ("[D]ue to the *pro se* petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye. . . .").

Petitioner seeks relief on the basis that he allegedly received ineffective assistance of counsel at trial and on appeal.  The Sixth Amendment to the United States Constitution guarantees criminal defendants the effective assistance of counsel.  "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, Petitioner must show that his attorney's performance "fell below an objective standard of reasonableness."  *Id.* at 688.  Second, Petitioner must show that his counsel's deficient performance prejudiced his defense.  *Id.* at 687.  A petitioner "bears a heavy burden" in proving ineffective assistance of counsel.  *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004).  Although a prisoner may not use a § 2255 petition to re-litigate issues that were decided against him on direct appeal, "[a]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**B.     Merits of Petitioner's Claims**

> **1.     Petitioner has failed to establish that either Mr. Slawinski's or Mr. Oathout's performance fell below an objective standard of reasonableness**

Having presided over this matter since 2014, including presiding over the trial, the Court notes as an initial matter that throughout the proceedings, it observed that both Mr. Slawinski and Mr. Oathout provided zealous, competent representation to Petitioner. Indeed, their combined efforts resulted in Petitioner's acquittal on two of the five charges against him.  However, as the Supreme Court has explained, "the type of breakdown in

- 6 -

the adversarial process that implicates the Sixth Amendment is not limited to counsel's performance as a whole—specific errors and omissions may be the focus of a claim of ineffective assistance as well." *United States v. Cronic*, 466 U.S. 648, 657 n.20 (1984). Accordingly, the Court turns to the specific alleged errors identified by Petitioner.

### a. Claim that Mr. Slawinski failed to file a motion to find out who testified against Petitioner before the grand jury

Petitioner's first claim is that Mr. Slawinski "never motioned the courts to find out who was present at [his] grand jury proceedings that testified against [him] to be indicted." (Dkt. 123 at 4). To the extent Petitioner contends his counsel should have filed a motion to disclose the minutes of the grand jury proceedings, any such claim lacks merit, as the burden in federal court to obtain disclosure of grand jury proceedings is stringent. *See*, *e.g.*, *United States v. Forde*, 740 F. Supp. 2d 406, 413 (S.D.N.Y. 2010) ("[A] defendant seeking disclosure of grand jury minutes has the burden of showing a 'particularized need' that outweighs the default 'need for secrecy' in grand jury deliberations." (citing *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978)). Petitioner cites to no particularized need that would have justified a motion for disclosure of the grand jury proceedings. Moreover, with respect to any witness who testified at trial, and consistent with the Court's Pretrial Order (Dkt. 53), the Government disclosed the grand jury testimony of any testifying witness. (Dkt. 127 at 11; Dkt. 127-1). Thus, there is no merit to Petitioner's claim that Mr. Slawinski's performance fell below an objective level of reasonableness by not filing a motion to find out who testified against Petitioner before the grand jury.

**b.      Claim that Mr. Slawinski failed to seek an "identification hearing" related to a confidential witness**

Petitioner's second claim is that Mr. Slawinski "never put a motion for the courts for an indentification [sic] hearing" related to Confidential Witness 1 ("CW1"). (Dkt. 123 at 5). CW1 had identified Defendant in connection with a sex trafficking investigation. (Dkt. 17 at 12). Petitioner's claim is flatly contradicted by the record, which shows that Mr. Slawinski did file a motion to suppress the identification of Defendant by CW1. (Dkt. 16 at 10-12). However, CW1 could not be located (*see* Dkt. 48 at 10-12), and the Government did not present her testimony at the time of trial. Thus, there is no basis for Petitioner's claim in this regard.

**c.      Claim that Mr. Slawinski should have called CW1 to testify at the *Franks* hearing**

Petitioner's third claim is that Mr. Slawinski erred in failing to call CW1 at the *Franks*[3] hearing in this matter. This claim is again conclusively contradicted by the record in this matter.

The *Franks* hearing was held before Magistrate Judge Jonathan W. Feldman on January 30, 2015. On June 23, 2015, Judge Feldman issued a Report and Recommendation recommending denial of the defense motion for suppression. (Dkt. 30). In objections filed before the undersigned, Mr. Slawinski explained that CW1 could not be located at the time of the *Franks* hearing, but that she had potentially been subsequently located, and he therefore sought to reopen the hearing to hear CW1's testimony. (Dkt. 41 at 12). However, the government indicated in response that CW1's

---

[3]      *Franks v. Delaware*, 438 U.S. 154 (1978).

location was unknown (Dkt. 45 at 12), and after the undersigned ordered disclosure of information by the government to defense counsel concerning CW1 (Dkt. 46), defense counsel was not able to communicate with CW1 and the Court ultimately concluded that CW1 could not be located  (Dkt. 48 at 10).  In other words, Mr. Slawinski diligently attempted to obtain CW1's testimony in connection with the *Franks* hearing, contrary to Petitioner's claim.

Moreover, as the Court found in its Decision and Order filed on November 16, 2015, the testimony of CW1 at the *Franks* hearing (or any reopened *Franks* hearing)— even if she could have been located—would not  have presented any new information. (Dkt. 48 at 11-12).  As a result, the Court denied the defense's request to reopen the hearing.  (*Id.* at 12).  Thus, Petitioner's claim that Mr. Slawinski should have called CW1 to testify at the *Franks* hearing lacks merit.

### d.  Claim that Mr. Slawinski failed to object to the government's questions during the *Franks* hearing

Petitioner's fourth claim is that Mr. Slawinski "never one time" objected to the government's questions during the *Franks* hearing.  (Dkt. 123 at 8).  Petitioner has not cited any particular question to which he claims Mr. Slawinski should have objected, nor has he explained what the basis for such an objection would have been.

"In the § 2255 context, 'presentation of conclusory allegations unsupported by specifics is subject to summary dismissal.'"  *Prelaj v. United States*, No. 16-CR-55-1 (RJS), 2020 WL 3884443, at *7 (S.D.N.Y. July 9, 2020) (quoting *Gonzalez v. United States*, 722 F.3d 118, 131 (2013)).  This is true even in the case of *pro se* filings.  *Id.*

Petitioner's conclusory assertion that Mr. Slawinski should have interposed objections at the *Franks* hearing is insufficient to warrant relief under § 2255.  *See Santiago-Diaz v. United States*, 299 F. Supp. 2d 293, 302 (S.D.N.Y. 2004) (rejecting ineffective assistance of counsel claim based on the petitioner's conclusory allegation that counsel failed to object to the pre-sentence investigation report, where petitioner failed to identify any specific objections that should have been made).

> **e.     Claim that Mr. Slawinski failed to "motion the courts to produce evidence admissible to attack the credibility of co-conspirators"**

Petitioner's fifth claim is that Mr. Slawinski did not "motion the courts to produce evidence admissible to attack the credibility of co-conspirators."  (Dkt. 123 at 14).  This claim makes no sense—Petitioner was not charged with a conspiracy, and it is unclear what "co-conspirators" he contends should have had their credibility attacked.  This vague, conclusory allegation does not demonstrate any deficiencies in Mr. Slawinski's performance.

> **f.     Claim that Mr. Oathout failed to challenge on appeal the credibility of the testimony of law enforcement witnesses**

Petitioner's sixth claim is that Mr. Oathout, on appeal did not challenge the credibility of two law enforcement agents—Federal Bureau of Investigation Agent Barry Crouch and Rochester Police Department Investigator Brian Tucker.  (Dkt. 123 at 14).

When claiming ineffective assistance of appellate counsel, "it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument. Counsel is not obliged to advance every nonfrivolous argument that could be made."

*Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001).   Instead, "to establish ineffective assistance based on a failure to raise . . . [an] argument on appeal, a petitioner must show that counsel 'omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'"   *Antomattei v. United States*, No. 12-CR-322 (RJS), 2020 WL 3969964, at *4 (S.D.N.Y. July 14, 2020) (quoting *Mayo v. Henderson*, 13 F.3d 528, 528 (2d Cir. 1994)).

Here, it was well within the realm of professional advocacy for Mr. Oathout to determine that the issues he raised on appeal were stronger and more likely to be successful than a challenge to the law enforcement officers' credibility.   As to Agent Couch's pre-trial testimony, Judge Feldman made an express finding in connection with the *Franks* hearing that Agent Couch was credible.   (Dkt. 30 at 13).   On appeal, this finding would have been entitled to "great deference."   *United States v. Najmehchi*, 118 F. App'x 569, 570 (2d Cir. 2004); *see also United States v. Hossaini*, 407 F. App'x 556, 559 (2d Cir. 2011) ("The district court's weighing of the witnesses' credibility [at a suppression hearing] . . . is the sort of finding that is deferentially reviewed[.]").   Similarly, with respect to Agent Couch's and Investigator Tucker's trial testimony, the jury's assessment of these witnesses' testimony would have been entitled to deference on appeal.   *See United States v. Diallo*, 507 F. App'x 89, 91 (2d Cir. 2013).   Petitioner has not set forth any basis to conclude that an attack on these law enforcement agents' credibility was the sort of significant and obvious issue that Mr. Oathout was obligated to raise on appeal.   The Court cannot fault Mr. Oathout for determining, in his professional

judgement, that it would not be fruitful to attack the law enforcement agents' credibility on appeal.

### g. Claim that Mr. Oathout failed to challenge on appeal the government's failure to call CW1 at the jury trial

Petitioner's seventh claim is that Mr. Oathout, on appeal, "never challenged the government about having CW1 come to [his] trial when . . . the government stated they had contact with CW1, but never produced her at trial." (Dkt. 123 at 14). This claim is without merit. First, as noted above, the record supports the conclusion that CW1 could not be found. Counsel cannot be faulted for failing to call a witness whose location was unknown.

Second, CW1 had no relevance to the claims at trial. As previously explained., CW1 had identified Petitioner in connection with a sex trafficking investigation. (*See* Dkt. 17 at 12). However, Petitioner was not charged with sex trafficking crimes, and he has failed to identify any other relevant information that CW1 could have potentially supplied at trial. Again, there is no basis to conclude that Mr. Oathout erred in determining that this was not an argument that was likely to succeed on appeal.

### h. Claim that Mr. Oathout failed to challenge on appeal anything about the trial

Petitioner's eighth claim is that Mr. Oathout failed to challenge on appeal "anything about [his] trial hearing or anything having to do with [his] trial." (Dkt. 123 at 14). Petitioner does not identify any specific trial rulings or other trial procedures to which he contends challenges should have been lodged. Again, vague and conclusory allegations of this sort are subject to summary dismissal on a § 2255 motion. *Prelaj*,

2020 WL 3884443, at *7.  This claim does not support a finding of ineffective assistance of counsel.

> **i.      Claim that Mr. Oathout failed to subpoena CW1 to testify at trial**

Petitioner's ninth and final claim is that Mr. Oathout failed to subpoena CW1 to testify at trial.  (Dkt. 123 at 14).  As the Court has already explained, CW1 could not be located and further was not relevant to the charges at trial.  Mr. Oathout cannot be faulted for not having presented her as a trial witness.

Further, while Petitioner references his Sixth Amendment right to confrontation in connection with this claim (*id.*), such right applies only to "the witnesses against" a criminal defendant.  *Crawford v. Washington*, 541 U.S. 36, 42 (2004).  No statements by CW1 were introduced at trial, and the right to confrontation simply is not implicated in this case.

For all these reasons, Petitioner has failed to set forth even a plausible claim that counsel's performance was deficient at any stage of this proceeding.

> **2.      Petitioner cannot show prejudice**

Petitioner also cannot show that, even if any of the alleged "errors" he has identified represented deficient performance, he suffered any prejudice as result.  Indeed, Petitioner has offered no argument as how the outcome of his trial or appeal would have been different had counsel made the arguments he contends should have been made.  As the Court explained in denying Petitioner's post-trial motion for acquittal, the evidence adduced at trial was substantial, and included a telephone call Petitoner made from the

Monroe County Jail after he was arrested in which he admitted to possessing cocaine and selling it, and further acknowledged that law enforcement had seized the sawed-off shotgun and ammunition.  (Dkt. 98 at 5).  Petitioner's claims fall far short of the showing necessary to satisfy the second prong of *Strickland*.  *See, e.g., United States v. O'Neil*, 118 F.3d 65, 72-73 (2d Cir. 1997).

### C.    Post-Sentencing Rehabilitation

Finally, the Court considers Petitioner's request that it reduce his sentence based on his post-sentencing rehabilitation efforts.  (Dkt. 123 at 14).   "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).   "[P]ost-sentence rehabilitation is not by itself a ground for modifying a sentence that has been lawfully imposed."  *United States v. Barahona*, 132 F. Supp. 2d 255, 255 (S.D.N.Y. 2001); *see also United States v. Millan*, No. 91-CR-685 (LAP), 2020 WL 1674058, at *7 (S.D.N.Y. Apr. 6, 2020) (explaining, in context of compassionate release statute, that "Congress set forth only one limitation when it delegated authority to the Sentencing Commission to develop standards for identifying 'extraordinary and compelling reasons' for a sentence reduction: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'  28 U.S.C. § 944(t). . . .  [L]awmakers no doubt legislated that sole limitation so that district courts would not use a defendant's rehabilitation, standing alone, as a basis for a sentence reduction, thereby creating a direct substitute for the parole system that Congress abolished when it passed the Comprehensive Crime Control

Act of 1984."). Petitioner's post-sentencing rehabilitation efforts, while certainly laudable, do not provide a basis for modification of his sentence.

## IV.   **CONCLUSION**

For the foregoing reasons, the Court denies Petitioner's § 2255 motion (Dkt. 123), as well as his two motions for appointment of counsel (Dkt. 128; Dkt. 131).

The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:  July 20, 2020
           Rochester, New York